UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA VAN DYKE, an individual

    Plaintiff,

v.

Case No: 2:16-cv-401-FtM-38CM

CAFE LUNA OF NAPLES, INC.,
CAFE LUNA EAST, LLC,
SHANNON RADOSTI and
EDWARD BARSAMIAN,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion for Settlement for Approval (Doc. 60) filed on October 18, 2017. The parties provided a copy of the proposed Settlement Agreement and Release. Doc. 60-1. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the case with prejudice. Doc. 60. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must

scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

Here, Plaintiff Melissa Van Dyke filed a Complaint, seeking recovery of overtime compensation and unpaid minimum wages under the FLSA and the Florida Constitution against Defendants Café Luna of Naples, Inc., Café Luna East, LLC,[2] Shannon Radosti and Edward Barsamian (collectively, "Defendants"). Doc. 1. Café Luna of Naples, Inc., a Florida corporation, and Café Luna East, LLC, a Florida limited liability company, owned and operated two restaurants located in Collier County, Florida. *Id.* ¶ 2. Radosti and Barsamian owned, managed and operated Café Luna of Naples, Inc. and Café Luna East, LLC and regularly exercised the authority to hire and fire employees of the two companies and determine the employees' work schedules. *Id.* ¶ 3.

The Complaint alleges Plaintiff worked as a non-exempt hourly-paid bartender and supervisor for Defendants approximately from August 2012 to December 2013. *Id.* ¶ 10. Plaintiff alleges Defendants did not compensate her with minimum wages required under the FLSA and the Florida Constitution. *Id.* ¶ 7. Plaintiff further claims during the term of her employment, she was not paid any overtime premium for all hours worked in excess of forty (40) hours within a workweek. *Id.* ¶ 24.

---

[2] On June 30, 2017, the Court permitted Defendants' previous counsel to withdraw as counsel of record. Doc. 50. Despite the Court's Order directing Café Luna of Naples, Inc. and Café Luna East, LLC to retain new counsel, they did not retain any. Doc. 50. Accordingly, the undersigned recommended entry of Clerk's default against them, and United States District Judge Sheri Polster Chappell accepted and adopted the Report and Recommendation. Docs. 53, 54. On August 31, 2017, the Clerk entered default against Café Luna of Naples, Inc. and Café Luna East, LLC. Doc. 55. As of this date, Radosti and Barsamian are proceeding *pro se*. Doc. 52.

In the proposed settlement agreement, Defendants agree to pay Plaintiff a settlement amount totaling one thousand dollars ($1,000.00) and provide a general release of claims in consideration of Plaintiff's underlying claims for unpaid wages and liquidated damages. Doc. 60-1 ¶ 3(A), (B). Furthermore, Plaintiff will receive two thousand dollars ($2,000.00) in costs, which were negotiated separately from her settlement amount. Docs. 60 at 4, 60-1 ¶ 3(A). Plaintiff's counsel agrees to waive all attorney's fees incurred in this matter. Doc. 60 at 4.

Plaintiff estimates her unpaid overtime and minimum wages to be $23,441.12. Doc. 60 at 2-3. The parties state that they reached the settlement after conducting sufficient discovery and exchanging enough information over the past two years. *Id.* at 5. Plaintiff represents that the negotiated amount of settlement funds to be paid to her is reasonable given Defendants' limited financial resources and the uncertainty and risk of litigation. *Id.* at 4. In light of Plaintiff's burden and the uncertainty of litigation, the parties state that the settlement amount is a fair and reasonable compromise of Plaintiff's FLSA claims. *Id.* at 4-5.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court would be inclined to find the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and

recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the costs were agreed upon separately and without regard to the amount paid to Plaintiff. Doc. 60 at 4. As noted, as part of the settlement, Defendants agree to pay Plaintiff's costs in the amount of $2,000.00. Doc. 60-1 ¶ 3(A). Plaintiff's counsel further agrees to waive all attorney's fees incurred in this matter. Doc. 60 at 4. Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion for Settlement for Approval (Doc. 60) be **GRANTED** and the Settlement Agreement and Release (Doc. 60-1) be **APPROVED**.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 19th day of October, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties